IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CIERREA E. THOMAS, | : | |
| Plaintiff | : | |
| VS. | : | 7: 09-CV-52 (HL) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| Defendant. | : | |

**RECOMMENDATION**

The Plaintiff herein filed this Social Security appeal on April 20, 2009, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is

supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five step sequential evaluation process. 20 C.F.R. § 404.1520. In Step One, the Commissioner determines whether the claimant is working. In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities. At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations. At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work. Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

The Plaintiff filed an application for Supplemental Security Income benefits on January 26, 1987, alleging disability since January 1, 1987, due to mental retardation and Attention Deficit Hyperactivity Disorder. (T-33-45). Her claim was approved based on a finding of childhood disability due to mental retardation. Plaintiff received disability benefits on this claim until August 1, 2004, at which time she was evaluated under the standards for adult disability and was determined to be not disabled. (T-72, 74). A hearing was held before an ALJ in Thomasville, Georgia on April 18, 2007. (T-500-14). Thereafter, in a hearing decision dated May 17, 2007, the ALJ determined that the Plaintiff was not disabled. (T-10-20). The Appeals Council denied review on February 21, 2009, making the May 2007 decision the final decision of the Commissioner (T-3-5).

*Statement of Facts and Evidence*

The Plaintiff was twenty-one (21) years of age at the time of the ALJ's decision. (T- 10). She completed the twelfth grade in Special Education classes and has no past relevant work experience. (T-19). The ALJ noted that "[t]he claimant attained age 18 on August 23, 2003 and was eligible for supplemental security income benefits as a child for the month preceding the month in which she attained age 18. The claimant was notified that she was found no longer disabled as of June 1, 2004, based on a redetermination of disability under the rules for adults who file new applications." (T - 15). As determined by the ALJ, Plaintiff suffers from a severe impairment in the form of mild mental retardation. (T-15). The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and further, had no exertional limitations due to medically determinable impairments. (T-17). After receiving vocational expert testimony, the ALJ determined that the Plaintiff could perform jobs which existed in substantial numbers in the national economy and she was thus not disabled. (T-19, 20).

## DISCUSSION

*Listing 12.05(C)* (*20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 1*)

The Plaintiff argues that the ALJ erred in finding that her impairments did not meet or equal listing 12.05(C), which addresses disability based on mental retardation. Listing 12.05, entitled "Mental retardation", provides that "[m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." Part C of this listing dictates a finding of disability when a claimant has "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function". Therefore, "[t]o be considered for

3

disability benefits under section 12.05, a claimant must at least (1) have significantly subaverage general intellectual functioning; (2) have deficits in adaptive behavior; and (3) have manifested deficits in adaptive behavior before age 22." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

In order to establish that her impairments meet or equal one or more of those set out in the List of Impairments (Appendix 1, 20 C.F.R. Part 404), a claimant must present specific medical findings that meet the tests for the applicable impairment or medical evidence that demonstrates how the impairment is equivalent to the listings. *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986) (plaintiff must "present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency"); *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

"[A] claimant meets the criteria for presumptive disability under Listing 12.05(C) when the claimant presents a valid I.Q. score of 60 to 70 and evidence of additional mental or physical impairment." *Hodges v. Barnhart*, 276 F.3d 1265, 1268 (11th Cir. 2001). However, this presumption can be overcome by evidence of Plaintiff's education, work history, and daily activities. *Id.*

The Plaintiff asserts that she has established her entitlement to a presumption of disability under Listing 12.05(C), based on a verbal IQ score of 66, a performance IQ score of 69, and a full scale IQ score of 65, in addition to left ear deafness, mental impairments and deficits in adaptive functioning. The Commissioner admits that the "Plaintiff met the IQ score prong of the listing."

4

(Doc. 11, p.5). The Commissioner argues, however, that the Plaintiff has not shown both that she has the required deficits in adaptive functioning and that she has "a physical or other mental impairment imposing an additional and significant work-related limitation of function."

The Plaintiff argues that the additional impairment required to meet listing 12.05(C) need not rise to the level of a "severe" impairment, but must only be more than slight or minimal, citing to *Edwards v. Heckler*, 755 F.2d 1513, 1515 (11th Cir. 1985). However, the introductory paragraph of Listing 12.00 was modified in 2000 and now equates this requirement of an additional impairment with a "severe" impairment at Step 2. *Black v. Astrue,* 678 F. Supp. 2d 1250, 1262 (N.D.Fl. 2010). Herein, the ALJ concluded that the Plaintiff's left-ear deafness, major depression, impulse control and chest pain were not "severe" impairments.

The ALJ's conclusion that the Plaintiff's deafness in her left ear were not severe impairments is not supported by substantial evidence, however, as the ALJ clearly relied solely on his own interpretation of the Plaintiff's hearing condition at the hearing to issue a severity determination. The ALJ stated that "[c]laimant alleges hearing loss in her right ear and deafness in her left eye [sic] but they are not severe medically determinable impairments because claimant was able to hear all questions at the hearing without any difficulty. Therefore, the undersigned finds claimant's hearing loss in her right ear and deafness in her left eye [sic] are non-severe impairments." (T - 16). The ALJ's speculation that the Plaintiff's hearing loss and deafness were not severe does not constitute substantial evidence for his conclusion regarding the severity of these conditions. *See Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992) (the ALJ "may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional.").

In addition to a flawed finding regarding the severity of Plaintiff's hearing condition, the ALJ's findings reflect that Plaintiff suffers from limitations in adaptive functioning. In regard to the Plaintiff's residual functional capacity, the ALJ found that the Plaintiff

> has moderate limitation on her ability to understand, remember, and execute simple instructions. She has moderate limitation on her ability for appropriate interaction with supervisors, coworkers, and the public; using judgment and making work decisions, and also adopting to stress/change. She has marked limitation on her ability to understand, remember, and execute detailed and complex instructions.

(T - 17).

Thus, it appears that the Plaintiff may be entitled to a presumption of disability under Listing 12.05(C). Inasmuch as the ALJ's decision does not clearly reveal the consideration of whether Plaintiff's conditions met or equaled Listing 12.05(C), and it appears that the record contains evidence to support such a finding, remand is necessary to elicit further consideration by the ALJ. *See Keeton v. Dept. Of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) ("The [Commissioner's] conclusions of law are not presumed valid . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.").

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter was not reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **REVERSED AND REMANDED** pursuant to Sentence Four of § 405(g) with instructions that it be returned to the Commissioner for additional proceedings

consistent with this opinion. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 1st day of September, 2010.

S/ ***THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

asb