**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **CIERREA E. THOMAS,**<br><br>             Plaintiff,<br><br>v.<br><br>**MICHAEL J. ASTRUE, Commissioner,**<br><br>             Defendant. | Civil Action 7:09-CV-52 (HL) |

**ORDER**

This case is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (Doc. 16), Motion for Attorney's Fees Under the Social Security Act (Doc. 19), and Amended Motion for Attorney's Fees Under the Social Security Act (Doc. 20).

On September 28, 2010, the Court entered an order reversing the Commissioner's decision in this matter and remanding it to the administrative level for further proceedings. (Doc. 14). On December 21, 2010, Plaintiff filed a motion for attorney's fees pursuant to 28 U.S.C. § 2412(d), a provision of the Equal Access to Justice Act ("EAJA"). (Doc. 16). On December 1, 2011, Plaintiff's counsel, Charles L. Martin, filed a motion for fees pursuant to 42 U.S.C. § 406(b), a provision of the Social Security Act. (Doc. 19). He subsequently amended the § 406(b) motion on December 16, 2011. (Doc. 20).

**I.    EAJA MOTION**

In the EAJA motion, Plaintiff seeks an award of attorney's fees in the amount of $7,059.04, to be paid directly to Plaintiff's attorney. The requested fee award consists of $175.38 per hour for 11.5 hours of work by Martin, $175.38 per hour for 8.5 hours of work by Perrie H. Naides, and $175.38 per hour for 20.25 hours of work by Michael S. Prigodich. According to counsel, the hourly rate of $175.38 is based on the calculated September 2010 Consumer Price Index ("CPI") hourly rate.

The Commissioner objects to the motion for three reasons. First, the Commissioner argues that counsel is not entitled to payment of the September 2010 CPI rate for work performed in 2009. Second, he argues that the number of hours claimed is unreasonable and should be reduced. Finally, he argues that any fee should be paid directly to Plaintiff, not to her attorney.

**A.    Analysis**

The EAJA, as codified at 28 U.S.C. § 2412(d)(1)(A), provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Subsection (d)(2)(A) further provides that awards of attorney's fees shall be based on prevailing market rates for comparable services, but that fees in

excess of $125 per hour shall not be awarded "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

There is no dispute that Plaintiff is the prevailing party in this case.

### 1. Number of hours

The Commissioner contends that the requested hours of attorney work are excessive and therefore not reasonable. The Commissioner further asserts that some of the hours sought by Plaintiff's counsel are duplicative.

The district court is responsible for excluding any unnecessary work from the fee award. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988). "A court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." Perkins v. Mobile Hous. Bd., 847 F.2d 735, 738 (11th Cir. 1988).

> Redundant hours generally occur when more than one attorney represents a client. There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer.

Norman, 836 F.2d at 1301-02. As this is an EAJA case, the Court must consider the reasonableness of time spent under the lodestar method. Commissioner, Immigration & Naturalization Serv. v. Jean, 496 U.S. 154, 161, 110 S.Ct. 2316 (1990).

Plaintiff is requesting an award of attorney's fees for 40.25 attorney hours worked. While 40.25 hours is generally reasonable for this type of case, Plaintiff has requested fees for duplicative or excessive services, as well as clerical tasks, and the hours claimed will be reduced accordingly.

### a.   Duplicative or excessive hours

The Commissioner contends Plaintiff's counsel is requesting duplicative hours for the drafting and revising of the district court brief and the reply brief. Prigodich spent 20.25 hours reviewing the file, researching, writing, editing, and revising the district court brief. Martin then spent 3 hours making final revisions, preparing to file, and filing the brief. Naides spent 8.5 hours reviewing the file, researching, writing, revising, and editing the reply brief. Martin then spent 2 hours making final revisions, preparing to file, and filing the reply brief.

The Commissioner recognizes that it was appropriate for Martin to review the briefs before signing them, but contends that 5 hours for reviewing the two briefs is excessive. The Court agrees that a reduction is warranted. The Court believes that 5 hours revising the two briefs, both of which were drafted by experienced Social Security attorneys, is longer than an experienced professional should have spent at these tasks. Further, time spent filing the briefs is clerical time, and as discussed below, is not compensable. The Court will reduce Martin's hours by 2 hours.

### b. Clerical tasks

The Commissioner objects to paying attorney's fees for the performance of non-legal tasks.

In general, an attorney should not bill at a professional hourly rate for clerical services deemed reasonably performed by members of a law firm's support staff. Surge v. Massanari, 155 F.Supp.2d 1301, 1305 (M.D. Ala. 2001). Clerical tasks are properly considered overhead, and are not compensable under the EAJA because the services do not require professional skill or expertise. Missouri v. Jenkins, 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463 (1989). Clerical tasks include, but are not limited to, the following: "preparing summons, copying documents, filing documents at the Clerk's office, serving pleadings, receiving documents, and mailing documents." Surge, 155 F.Supp.2d at 1305 n. 7.

The Court has reviewed the time sheet submitted by Plaintiff's counsel and finds that the following entries listed by Martin represent clerical tasks:

1. 0.10 hours on April 20, 2009 to "check for filed complaint . . . rec'd and reviewed FILED complaint, . . . ."

2. 0.10 hours on April 22, 2009 to "check for Order granting pauper/rec'd and reviewed order granting pauper. . . ."

3. 0.10 hours on April 22, 2009 to "check for summons, effect service/rec'd and reviewed notice from court. . . ."

4. 0.10 hours on July 6, 2009 to "check for service that has been effected. . . ."

5. 0.10 hours on July 7, 2009 to "check for proof of service . . . /rec'd and reviewed notice of service. . . ."

6.     0.10 hours on July 15, 2009 for "rec'd and reviewed election form from clerk of court. . . ."

7.     0.10 hours on July 15, 2009 for "rec'd and rev'd NEF for filing of transcript, . . . ."

8.     0.10 hours on September 8, 2009 to "ck for govt brief . . . /rec'd and rev'd defendant brief. . . ."

9.     0.10 hours on April 30, 2010 for "rec'd and rev'd notice. . . ."

10.     0.10 hours on September 28, 2010 to "check for remand Order. . . ."

As the Court has determined these are clerical tasks, 1 hour will be deducted from the attorney work hours claimed by Mr. Martin.

### 2. Hourly rate

The Commissioner objects to Plaintiff's request for the September 2010 CPI rate for work that was performed in 2009.

The Eleventh Circuit held in <u>Meyer v. Sullivan</u>, 958 F.2d 1029 (11th Cir. 1992), that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'. . .The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor.

<u>Id.</u> at 1033-34 (citations and footnote omitted).

The first step under Meyer is for the Court to determine the relevant market rate. The Eleventh Circuit has stated that:

> The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work....Satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

Norman, 836 F.2d at 1299 (internal citations omitted).

To establish the market rate, Plaintiff provides an affidavit from Martin, one of the attorneys who worked on the case. He opines that the fair market value of attorney services for work before the Social Security Administration is in excess of $225 per hour.

Plaintiff has provided no evidence as to market rate other than the affidavit of Martin. That alone is not sufficient to establish the relevant market rate. *See* Norman, 863 F.2d at 1299. However, the Court may also consider its own knowledge and experience and form an independent judgment as to the relevant market rate. Id. at 1304. The Court is also aware that other judges in this division have determined the market rate for Martin to be $180 per hour and for Prigodich

to be $150 per hour. *See* Hosley v. Astrue, No. 5:09-CV-379 (MTT), 2011 WL 3300687 (M.D. Ga. Aug. 2, 2011). It has also previously been determined that the market rate for the services of Naides exceeds the maximum statutory rate of $125. *See* Taylor v. Astrue, No. 5:09-CV-146 (HL), 2011 WL 7025139 (M.D. Ga. Dec. 15, 2011); Brown v. Astrue, No. 5:10-CV-49 (MTT), 2011 WL 3296165 (M.D. Ga. Aug. 2, 2011). Because the Court finds that the market rate for the services of Martin, Naides, and Prigodich exceeds the maximum statutory rate of $125 per hour, it must proceed to the second step of the Meyer analysis.

The Court cannot find a reason to decline to apply the cost-of-living escalator. Judge Clay Land in Hartage v. Astrue, No. 4:09-CV-48 (CDL), 2011 WL 1123401 (M.D. Ga. Mar. 24, 2011), as adopted by Judge Marc Treadwell in Brown v. Astrue, No. 5:10-CV-49 (MTT), 2011 WL 3296165 (M.D. Ga. Aug. 2, 2011), clarified the proper way to calculate the amount of inflation when determining EAJA attorney's fees. In Hartage, the court reasoned that the reasonable attorney's fees must reflect the year in which the work was performed and that "enhancements to compensate for a delay in payment should be reserved for unusual cases, such as cases 'where the delay is unjustifiably caused by the defense.'" Hartage, 2011 WL 1123401, at *2 (quoting Perdue v. Kenny A. ex rel. Winn, --- U.S. ---, 130 S.Ct. 1662, 1675 (2010)). Judge Land did not find that the case was unusual and did not apply an enhancement. He calculated attorney's fees based upon the annual average CPI for 2009 and 2010. He applied the February 2011 CPI for work performed that month.

8

Similarly in Brown, Judge Treadwell found that the case was not unusual and did not apply an enhancement. As the EAJA motion was filed in 2011, and work was done on the case in 2010, January 2011, February 2011, and April 2011, Judge Treadwell determined that the appropriate rates to be paid were the CPI adjusted rates for 2010, January 2011, February 2011, and April 2011. Brown, 2011 WL 3296165, at *2.

Here, the EAJA motion was filed in 2010. Prigodich worked on the case for 20.25 hours in 2009. Naides worked on the case for 8.5 hours in 2009. After the appropriate deductions are made, Martin worked on the case for 5.1 hours in 2009, 0.1 hours in September 2010, 1 hour in December 2010, and 2.3 hours in January 2011.

Consistent with Hartage and Brown, the Court finds that counsel worked 33.85 hours in 2009 at a rate of $172.24, 0.1 hours in September 2010 at a rate of $175.37, 1 hour in December 2010 at a rate of $175.96, and 2.3 hours in January 2011 at a rate of $176.80. The Court does not find that this is an unusual case where an enhancement should be granted.[1] Accordingly, the Court finds

---

[1] Counsel in this matter should now be well aware of the proper computation for determining the hourly rate for attorney's fees performed both in years prior to an EAJA motion being filed, and the actual year the motion is filed. The computation is as follows:

$$\frac{[\text{The average CPI for the year in which the work was performed or, if work was performed in the year that the motion was filed, the average CPI for the month in which the work was performed}]}{155.7 \text{ [March 1996's average CPI, the month the statutory cap changed from \$75]}} \times 125 \text{ [the statutory cap]}$$

that Plaintiff is entitled to $6,430.46 in attorney's fees under the EAJA.[2]

### 3. Assignment of EAJA fees

Plaintiff has requested that the award of attorney's fees be paid by direct deposit into Plaintiff's counsel's bank account. The Commissioner objects to this request, and asks that the fee be paid directly to Plaintiff. The Commissioner also argues that the assignment signed by Plaintiff on April 20, 2009 which purports to assign any EAJA fees to her attorney violates the Anti-Assignment Act.

The EAJA statutory language "'prevailing party' unambiguously directs the award of attorney's fees to the party who incurred those fees and not to the party's attorney." Reeves v. Astrue, 526 F.3d 732, 735 (11th Cir. 2008). The attorney's fee award is subject to an offset to satisfy any pre-existing debt owed to the Government by a litigant. Astrue v. Ratliff, --- U.S. ---, 130 S.Ct. 2521, 2524 (2010). The Commissioner may award attorney's fees directly to Plaintiff's counsel if the fee has been assigned to the attorney and Plaintiff has no outstanding federal debt. Id. at 2529.

While Plaintiff did sign an assignment, the Government contends the fees may not be assigned because of the Anti-Assignment Act. Pursuant to 31 U.S.C. § 3727(b), "[a]n assignment may be made only after a claim is allowed, the

---

Lawton v. Astrue, No. 5:09-CV-239, 2012 WL 1119459 (M.D. Ga. Apr. 3, 2012).

[2]

| Year | Rate | Hours | Total |
|---|---|---|---|
| 2009 | $172.24 | 33.85 | $5,830.32 |
| Sept. 2010 | $175.37 | 0.1 | $17.54 |
| Dec. 2010 | $175.96 | 1 | $175.96 |
| Jan. 2011 | $176.80 | 2.3 | $406.64 |

amount of the claim is decided, and a warrant for payment has been issued." Here, the assignment is invalid because it was made before this Order determining the amount of the claim. Accordingly, the EAJA attorney's fees shall be payable directly to Plaintiff.

## II.  SOCIAL SECURITY ACT FEES

Separate from the EAJA fees claim, Martin seeks attorney's fees under 42 U.S.C. § 406(b). The amended motion requests an award of $3,997.15 to be paid out of Plaintiff's $28,061.63 benefits award. Martin has reduced the amount of his § 406(b) fee request (25 percent of the past-due benefits award) by the $3,018.25 amount awarded by the Social Security Administration to Joseph Jones, Plaintiff's administrative counsel. When the requested $3,997.15 is combined with the $3,018.25 already awarded, the total in requested attorney's fees equals $7,015.40, which is 25 percent of Plaintiff's $28,061.63 benefits award.

Pursuant to § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the Court for a fee not in excess of 25 percent of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). Even though this particular motion is unopposed by the Commissioner, the Court cannot automatically grant the requested fee. In establishing a 25 percent cap, "Congress . . . sought to protect claimants against 'inordinately large fees'." Gisbrecht v. Barnhart, 535 U.S. 789, 806, 122 S.Ct. 1817 (2002) (citations omitted). "Within the 25 percent boundary .

11

. . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. This does not, however displace contingent fee agreements that are within the statutory ceiling; rather, the Court must review fees yielded by such agreements for reasonableness. Id. Thus, the Court must determine whether the requested fee is (1) reasonable and (2) not in excess of 25 percent of accrued benefits. The second prong of the test is satisfied, as Martin is not seeking a fee in excess of 25 percent of Plaintiff's past-due benefits award. However, the Court must still inquire into the reasonableness of the requested fee.

In determining reasonableness, the parties' fee agreement is the first place the Court should look. Id. at 808. Other key considerations include: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. Id. at 805, 808.

Under the fee agreement signed by Plaintiff, counsel is entitled to 25 percent of past-due benefits. There is no evidence that counsel unreasonably delayed the proceedings, and a payment of $3,997.15 would not be considered a windfall. Further, the Court believes the requested fee is appropriate based on counsel's successful representation of Plaintiff.

## III.  CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (Doc. 16) is granted, in part, and denied, in part, as outlined herein. Plaintiff's Amended Motion for Attorney's Fees Under the Social Security Act (Doc. 20) is granted. Plaintiff's Motion for Attorney's Fees Under the Social Security Act (Doc. 19) is denied as moot.

Plaintiff is awarded $6,430.46 in attorney's fees under the EAJA to be paid directly to Plaintiff. Plaintiff's counsel is awarded $3,997.15 in attorney's fees pursuant to 42 U.S.C. § 406(b) to be paid out of Plaintiff's past-due benefits award.

**SO ORDERED**, this the 20th day of June, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh